UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRACY JONES, on behalf of her minor son, M.J.,

                                  Plaintiff,         Index No.: 20 CV 4368

          -against-                          **COMPLAINT**

CITY OF NEW YORK,                            Plaintiff Demands Trial by Jury
POLICE OFFICER JOHN DOE #1 and
POLICE OFFICER JOHN DOE #2,

                                  Defendants.
-----------------------------------------------------------------X

Plaintiff, TRACY JONES, on behalf of her minor son, M.J., by and through her attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, TRACY JONES, pursuant to Federal Rule of Civil Procedure 17(1)(A) seeks relief on behalf of her son M.J, a minor, for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age residing in Kings County, New York. Plaintiff is the mother of M.J. and his legal guardian.

6. M.J., a minor, is a United States citizen residing in Bronx County, New York. At the time of the incident he was 14 years old. He is currently attending High School.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

8. Defendant P.O. JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and

on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant P.O. JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

10. On or about October 29, 2019 at approximately 9:00 A.M., plaintiff's fourteen year old son, M.J. was inside the lobby of an apartment building located at 3230 Cruger Avenue in the Bronx, along with another teenager, when he encountered defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2.

11. The two boys saw the officers and ran.

12. Eventually they came to an exit, where they encountered POLICE OFFICER JOHN DOE #1, waiting for them.

13. POLICE OFFICER JOHN DOE #1 told the boys to get against the wall.

14. The boys turned around and put their hands up.

15. The officers questioned the boys and they responded with curses.

16. POLICE OFFICER JOHN DOE #1 told them to sit on the floor.

17. M.J. cursed at him again and he responded by sweeping M.J. off his feet with a kick.

18. M.J. hit the floor but continued to curse at the officer.

19. While this was happening, POLICE OFFICER JOHN DOE #2 was within arm's reach of M.J.

20. As M.J. started to get up POLICE OFFICER JOHN DOE #1 grabbed him by the arms, lifted him up and slammed him head-first into the ground.

21. As a result, M.J. suffered a large bruise and a cut on the back of his head.

22. Shortly thereafter, M.J. was taken by an ambulance to Jacobi hospital where he received medical attention and treatment for his injuries.

23. Upon information and belief, photographs of M.J.'s injuries were taken by police investigators pursuant to a complaint that was filed with the Internal Affairs Bureau, which according to an April 30, 2020 letter that was sent to plaintiff, substantiated elements of this claim and recommended that disciplinary action be taken against at least one of the officers.

24. At no time during the events described above did M.J. commit any act to which force would be a reasonable response.

25. At all times during the events described above POLICE OFFICER JOHN DOE #1 knew or should have known that he lacked justification to use force against M.J.

26. At all times during the events described above POLICE OFFICER JOHN DOE #1 knew or should have known that his use of force was illegal.

27.     At all times during the events described above POLICE OFFICER JOHN DOE #2 had a duty to intervene to stop the use of excessive force by POLICE OFFICER JOHN DOE #1.

28.     At all times relevant during the events described above POLICE OFFICER JOHN DOE #2 had an opportunity to intervene and put a stop to the use of excessive force by POLICE OFFICER JOHN DOE #1 but failed to do so.

29.     As a result of the actions and inactions of the defendants, M.J. suffered serious injury, excruciating pain, severe emotional distress and public humiliation.

### AS FOR A FIRST CAUSE OF ACTION
*Excessive Force and Failure to Intervene in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2*

30.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

31.     At all times during the events described above defendant POLICE OFFICER JOHN DOE #1 lacked probable cause to use force against plaintiff.

32.     At all times during the events described above POLICE OFFICER JOHN DOE #2 had a duty to intervene to stop the use of excessive force by POLICE OFFICER JOHN DOE #1.

33.     All of the aforementioned acts of defendant POLICE OFFICER JOHN DOE #1 were carried out under the color of state law.

34.     All of the aforementioned acts of POLICE OFFICER JOHN DOE #1 and the failure to act by POLICE OFFICER JOHN DOE #2 deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.     The acts complained of were carried out by the defendant police officers in their

capacity as a police officers, with all actual and/or apparent authority afforded thereto.

36. The acts complained of deprived M.J. of his right to be free from excessive force.

37. The acts complained of resulted in pain and injury to M.J., a minor child at the time of the underlying incident.

### AS FOR A SECOND CAUSE OF ACTION
*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff and resulting from the conduct of the defendant POLICE OFFICER JOHN DOE #1.  The conduct of the defendant was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

40. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to resort to force without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

41. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

42. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

43. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 8, 2020
New York, NY

By: */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Tracy Jones (on behalf of her minor son, M.J.)*
290 Howard Avenue
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com