UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRACY JONES, on behalf of her minor son, M.J.,

                               Plaintiff,             Index No.: 20-CV-4368 (VSB)

          -against-                   **FIRST AMENDED COMPLAINT**

CITY OF NEW YORK,                 Plaintiff Demands Trial by Jury
POLICE OFFICER RYAN DUFFANY and
POLICE OFFICER CHARLES ALEXANDER,

                             Defendants.
------------------------------------------------------------------X

Plaintiff, TRACY JONES, on behalf of her minor son, M.J., by and through her attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER RYAN DUFFANY ("P.O. DUFFANY") and POLICE OFFICER CHARLES ALEXANDER ("P.O. ALEXANDER"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, TRACY JONES, pursuant to Federal Rule of Civil Procedure 17(1)(A) seeks relief on behalf of her son M.J, a minor, for the defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff is a United States citizen of full age residing in Kings County, New York. Plaintiff is the mother of M.J. and his legal guardian.

6.      M.J., a minor, is a United States citizen residing in Bronx County, New York. At the time of the incident he was 14 years old. He is currently attending High School.

7.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

8.      Defendant POLICE OFFICER RYAN DUFFANY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. DUFFANY acted under color of the laws, statutes, ordinances, regulations, policies, customs

and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9.      Defendant P.O. CHARLES ALEXANDER was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. ALEXANDER acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

10.      On or about October 29, 2019 at approximately 9:00 A.M., plaintiff's fourteen year old son, M.J. was inside the lobby of an apartment building located at 3230 Cruger Avenue in the Bronx, along with another teenager, when he encountered defendants P.O. DUFFANY and P.O. ALEXANDER.

11.      The two boys saw the officers and ran.

12.     Eventually they came to an exit, where they encountered P.O. DUFFANY, waiting for them.

13.     P.O. DUFFANY told the boys to get against the wall.

14.     The boys turned around and put their hands up.

15.     The officers questioned the boys and they responded with curses.

16.     P.O. DUFFANY told them to sit on the floor.

17.     M.J. cursed at P.O. DUFFANY again and he responded by sweeping M.J. off his feet with a kick.

18.     M.J. hit the floor but continued to curse at the officer.

19.     While this was happening, P.O. ALEXANDER was within arm's reach of M.J.

20.     As M.J. started to get up P.O. DUFFANY grabbed him by the arms, lifted him up and slammed him head-first into the ground.

21.     As a result, M.J. experienced pain and injury.

22.     Shortly thereafter, M.J. was taken by an ambulance to Jacobi hospital where he complained of a severe headache and received medical attention.

23.     At no time during the events described above did M.J. commit any act to which force would be a reasonable response.

24.     At all times during the events described above P.O. DUFFANY knew or should have known that he lacked justification to use force against M.J.

25.     At all times during the events described above P.O. DUFFANY knew or should have known that his use of force was illegal.

26.     At all times during the events described above P.O. ALEXANDER had a duty to intervene to stop the use of excessive force by P.O. DUFFANY.

27.     Prior to P.O. DUFFANY's use of excessive force, P.O. ALEXANDER had an opportunity to intervene and put a stop to the increasing level of unjustified force by P.O. DUFFANY but failed to do so.

28.     As a result of the actions and inactions of the defendants, M.J. suffered serious injury, excruciating pain, severe emotional distress and the violation of his civil and constitutional rights.

### AS FOR A FIRST CAUSE OF ACTION
*Excessive Force and Failure to Intervene in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against POLICE OFFICER RYAN DUFFANY and POLICE OFFICER CHARLES ALEXANDER*

29.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

30.     At all times during the events described above defendant P.O. DUFFANY lacked probable cause to use force against plaintiff.

31.     At all times during the events described above P.O. ALEXANDER had a duty to intervene to stop the use of excessive force by P.O. DUFFANY.

32.     All of the aforementioned acts of defendant P.O. DUFFANY were carried out under the color of state law.

33.     All of the aforementioned acts of P.O. DUFFANY and the failure to act by P.O. ALEXANDER deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the defendant police officers in their capacity as a police officers, with all actual and/or apparent authority afforded thereto.

35.     The acts complained of deprived M.J. of his right to be free from excessive force.

36.     The acts complained of resulted in pain and injury to M.J., a minor child at the time of the underlying incident.

### AS FOR A SECOND CAUSE OF ACTION
*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

37.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

38.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff and resulting from the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

39.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to use excessive force in flagrant violation of his sworn oath to uphold the Constitution.

40.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

41.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

42.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.


**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.


Dated:  November 25, 2020
       New York, NY

By:       */s/Alexis G. Padilla*
          Alexis G. Padilla, Esq. [AP7400]
          *Attorney for Plaintiff*
          *Tracy Jones (on behalf of her minor son, M.J.)*
          290 Howard Avenue
          Brooklyn, NY 11233
          Tel. 917 238 2993
          alexpadilla722@gmail.com