UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TRACY JONES, on behalf of her minor son,
M.J.,

        Plaintiff,

 -v-                                                  No.   1:20-CV-4368-LTS

CITY OF NEW YORK, et al.,

        Defendants.
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

In this action, Tracy Jones ("Jones" or "Plaintiff"), who is represented by counsel, asserts claims on behalf of her infant child, M.J., against the City of New York (the "City") and New York Police Department ("NYPD") Police Officers Ryan Duffany ("Duffany") and Charles Alexander ("Alexander," together, with Duffany, the "Officer Defendants") (collectively, with the City, the "Defendants"). Plaintiff claims that Defendants violated M.J.'s constitutional rights by using excessive force to effectuate an arrest of M.J. on October 29, 2019. (See docket entry no. 15 ("Amended Complaint" or "AC").) Specifically, Plaintiff brings claims under 42 U.S.C. section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution for excessive force and failure to intervene against the Officer Defendants, and for municipal liability against the City. Moving separately, the City (docket entry no. 74) and Officer Defendants (docket entry no. 78 (together with docket entry no. 74, the "Motions for Judgment on the Pleadings")) seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed a consolidated opposition to both motions (docket entry no. 85 ("Pl. Opp.")) and the Defendants submitted a letter to the Court declining to further reply (docket entry no.

86).  The Court has reviewed thoroughly the submissions from the parties and, for the following reasons, grants the Motions for Judgment on the Pleadings in their entirety.

BACKGROUND

The following facts are drawn from the AC, amended answers filed by the City (docket entry no. 69) and Officer Defendants (docket entry no. 70), exhibits to submissions relied on by or incorporated by reference into the pleadings, and the publicly available documents filed in a second case brought by Plaintiff, Tracy Jones, on behalf of her minor son, M.J. v. City of New York, et al., No. 20-CV-4411-PGG (S.D.N.Y.) ("Jones II").  These sources are properly considered on a Rule 12(c) motion.  See Great American Insurance Company v. Houlihan Lawrence, Inc., 449 F. Supp.3d 354, 358 (S.D.N.Y. 2020) ("[O]n a Rule 12(c) motion, a court may consider the pleadings, exhibits to the pleadings, statements or documents incorporated by reference in the pleadings, any matter of which the court may take judicial notice, and documents that are 'integral' to the complaint.") (citation omitted).  These facts are taken as true for the purposes of the instant motions.

On October 29, 2019, M.J., who is fourteen years old, was standing with a friend in the lobby of an apartment building when he encountered the Officer Defendants.  (AC ¶ 10.)  M.J. and his friend ran, but were apprehended by Duffany.  (Id. ¶¶ 12-13.)  The Officer Defendants "questioned the boys and they responded with curses."  (Id. ¶ 15.)  Duffany "responded by sweeping M.J. off his feet with a kick."  (Id. ¶ 16.)  As M.J. "started to get up, [Duffany] grabbed him by the arms, lifted him up and slammed him head-first into the ground," causing M.J. pain and injury.  (Id. ¶¶ 20-21.)  Alexander was within arm's reach of M.J. at the time.  (Id. ¶ 19.)  Soon after, M.J. was taken to Jacobi Hospital, "where he complained of a

severe headache and received medical attention." (Id. ¶ 22.) On June 8, 2020, Plaintiff filed the instant case.

On June 9, 2020, Plaintiff filed Jones II, alleging that M.J. had been assaulted by a New York City Administration of Child Services ("ACS") worker. Jones II, ECF 1 (S.D.N.Y. Jun. 9, 2020). On Jan. 28, 2022, Plaintiff settled with the City on M.J.'s behalf. Jones II, ECF 43 (S.D.N.Y. Jan. 28, 2022). As part of this settlement, Plaintiff received payment of $7,500. Jones II, ECF 41 (S.D.N.Y. Dec. 29, 2021). In exchange for this financial consideration, on December 30, 2021, Plaintiff executed a document, entitled "General Release," which provided in part that Plaintiff, on behalf of her son M.J, released the "City [of New York], its successors or assigns; and all past and present officials, employees, representatives of the City of New York or any entity represented by the Office of Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release . . .." (Docket entry no. 75-2 (the "Release").) Plaintiff was represented by current counsel in negotiating the Release.

The day prior to execution of the Release, Plaintiff's counsel wrote to the Hon. Paul G. Gardephe, who was presiding over Jones II, and requested permission for entry of settlement without filing of an infant compromise order. Jones II, ECF 40 (S.D.N.Y. Dec. 29, 2021). Plaintiff's counsel based this request on his understanding that "CPLR 1206(b) does allow for a disbursement of settlement funds directly to the parent or guardian of a minor where the total settlement amount is less than $10,000," as well as on his assertions that he was no longer seeking a fee in that case, and that the settlement amount, based on an accompanying description of the injuries at issue in Jones II, was appropriate. (Id. at 1-2.) Defense counsel

took no position on this request, which was approved. Jones II, ECF 41 (S.D.N.Y. Dec. 29, 2021) ("Per NY CPLR 1206(b), counsel need not file a motion for an infant compromise order.").

On March 21, 2022, the City filed an amended answer to the AC in this case, asserting the Release as an affirmative defense. (Docket entry no. 69 ¶ 55.) On March 29, 2022, the Officer Defendants did the same. (Docket entry no. 70 ¶ 51.) Defendants now move to dismiss the AC in its entirety and for judgment on the pleadings.

## Discussion

Rule 12(c) provides that "[a]fter the pleadings are closed—but not early enough to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lively v. WAFRA Investment Advisory Group, Inc., 6 F. 4th 293, 301 (2d Cir. 2021) (citing Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020)). "To survive a 12(c) motion, the plaintiff must plead sufficient facts 'to state a claim that is plausible on its face.'" Gracia v. City of New York, No. 16-CV-7329-VEC, 2017 WL 4286319, at *2 (S.D.N.Y. Sept 26, 2017) (quoting Bell At. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A proper complaint cannot simply recite legal conclusions or bare elements of a cause of action; there must be factual content pleaded that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cisco Systems, Inc. v. Synamedia Ltd., 557 F. Supp. 3d 464, 471 (S.D.N.Y. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Defendants argue, and Plaintiff concedes, that the Release, if enforceable, bars Plaintiff's claims in this action. "It is well established under New York law that a valid release

which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between the parties." Haymount Urgent Care PC v. GoFund Advance, LLC, No. 22-CV-1245-JSR, 2022 WL 2297768, at *13 (S.D.N.Y. Jun. 27, 2022) (citation omitted). "A release of claims in a settlement agreement is therefore 'binding on the parties absent a showing of fraud, duress, undue influence, or some other valid legal defense.'" Id. (quoting Davis & Assocs, Inc. v. Health Mgmt. Servs., Inc., 168 F. Supp. 2d 109, 113 (S.D.N.Y. 2001). Here, Plaintiff released, in exchange for financial consideration, the City and all past and present officials of the City (indisputably including the Officer Defendants) from all claims and liability relating to any violation of M.J.'s civil rights prior to December 30, 2021, a date well after the events alleged in this action occurred. If enforced, the Release clearly requires finding in favor of the Defendants, and dismissal of this action. See Staples v. Officer Acolatza, No. 14-CV-3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (explaining, in granting summary judgment on the basis of a release with language identical to the Release, "courts in this Circuit have consistently concluded that similarly phrased releases between federal civil rights claimants and the City of New York bar suit against the City and its employees for alleged conduct predating the release") (collecting cases).

    Rather than contest the validity or scope of the release, Plaintiff argues against its enforceability, on the grounds that: (1) Plaintiff's counsel erred in not including a carveout for this action, which was pending at the time, in the language of the Release, resulting in a Release that was not reflective of the bargain Plaintiff intended to strike, and (2) the Release was not assessed for reasonableness by the Court in Jones II and, upon conducting its own assessment, the Court should find that M.J.'s interests are not served by its enforcement.  (Pl. Opp. at 4.)

That Plaintiff's counsel allegedly intended to add a carveout to the Release is insufficient to render the Release unenforceable, because the Court draws the terms of the bargain between the parties from the text of the Release itself.  "Ambiguity is determined within the four corners of the document, not by outside sources."  Rodriguez v. New York, No. 18-CV-4805-NRB, 2021 WL 5360120, at *5 (S.D.N.Y. Nov. 16, 2021) (quoting GE Funding Capital Mkt. Servs. V. Neb. Inv. Fin. Auth., 767 F. App'x 110, 112 (2d Cir. 2019) (quotation marks omitted)).  As noted in Rodriguez, wherein the Court considered an identical provision, "[n]umerous courts have considered the relevant language in the [r]elease and found it unambiguous."  Id. (collecting cases).  The Court finds that the Release is clear and unambiguous.  Plaintiff's argument that "the Court can clearly discern that there was no genuine agreement between the parties to settle this matter when counsel for plaintiff and the City of New York agreed to settle a second unrelated matter, and . . . the language of the settlement agreement in the second case would never have been agreed to but for plaintiff's counsel's oversight" (Pl. Opp. at 4) is therefore unavailing.  The Release is clear and unambiguous, and the unspoken intention of Plaintiff's counsel to modify the text is insufficient to bar enforcement of the Release.

That the Release was executed by Plaintiff on behalf of M.J., her minor son, does not render the Release unenforceable because the Release was approved by the Court in Jones II.  "An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree."  Local Civil Rule 83.2(a); see also Sulaymu-Bey v. City of New York, 17-CV-3563-AMD-SJB, 2020 WL 6709548, at *4 (E.D.N.Y. Oct. 13, 2020) ("[A]ny

settlement resolving claims of minors requires court approval.") This approval was provided in Jones II, rendering the Release enforceable.[1]

The Court sympathizes with Plaintiff's situation, and appreciates the forthrightness shown by Plaintiff's counsel in describing the circumstances underlying this case. If true, the conduct of the Officer Defendants is reprehensible, and the Court regrets that Plaintiff may be unable to recover on M.J.'s behalf for her son's injuries. However, having found that the Release is valid and unambiguous, the Court is obligated to enforce its terms. Defendants' Motions for Judgment on the Pleadings are granted in their entirety.

CONCLUSION

For the foregoing reasons, the Motions for Judgment on the Pleadings are granted in their entirety. This order resolves docket entry nos. 74 and 78. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: February 24, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] That no infant compromise order was filed does not undermine the Court's conclusion, because the Court's waiver of this requirement came at the request of Plaintiff's counsel, and for cause. See Local Civil Rule 83.2(a) ("The proceeding upon an application to settle or compromise such action shall conform, as nearly as may be, to the New York statutes and rules, *but the Court, for cause shown, may dispense with any New York State requirement*.") (emphasis added). In a signed letter to the Court, Plaintiff's counsel requested for relief from this requirement for cause, and the Court granted the request. Jones II, ECF 41 (S.D.N.Y. Dec. 29, 2021).